UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

November 3, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Roger B. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 21-2888-BAH

Dear Counsel:

On November 10, 2021, Plaintiff Roger B. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case (ECF 7), the parties' cross-motions for summary judgment (ECF 11; ECF 12), and Plaintiff's reply (ECF 13). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I DENY Plaintiff's motion, GRANT Defendant's motion, and AFFIRM the Commissioner's decision. This letter explains why.

I. **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on April 1, 2016,[1] alleging a disability onset of September 10, 2015. Tr. 226–41. Plaintiff's claims were denied initially and on reconsideration. Tr. 157–64, 173–76. On May 16, 2018, an Administrative Law Judge ("ALJ") held a hearing. Tr. 42–75. Following the hearing, on September 27, 2018, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 19–41. After exhausting administrative remedies, Plaintiff sought judicial review in this Court, and, on September 29, 2020, this Court remanded the case back to the SSA with specific instructions pursuant to sentence four of 42 U.S.C. § 405(g). Tr. 819–21 (*Roger B. v. Saul*, No. BPG-19-2409 (D. Md. Sept. 29, 2020)). The Appeals Council ("AC") vacated and remanded the ALJ's prior decision and instructed the ALJ to consolidate the case with a new claim Plaintiff had filed on October 1, 2019. Tr. 838–42. The ALJ then held a new hearing on June 16,

---

[1] Plaintiff notes in the Motion for Summary Judgment that the applications were filed on March 11, 2016. ECF 11-1, at 1. However, the record reflects that the application dates are actually April 1, 2016. Tr. 226, 233.

[2] 42 U.S.C. §§ 301 et seq.

2021.  Tr. 712–64.  Thereafter, the ALJ issued a new decision on August 20, 2021, again finding Plaintiff not disabled.  Tr. 679–711.  The ALJ's decision constitutes the final, reviewable decision of the SSA.  *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. §§ 404.984(d), 416.1484(d), 422.210(a).

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff 'has not engaged in substantial gainful activity since September 10, 2015, the alleged onset date."  Tr. 685.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity; bilateral knee replacements; lumbar disc disease; chronic obstructive pulmonary disease (COPD); [and] ischemic heart disease."  Tr. 686.  The ALJ also determined that Plaintiff suffered from the non-severe impairments of "shoulder problems, osteoarthritis in the left shoulder, right wrist degenerative changes, and hiatal hernia" and that Plaintiff's "medically determinable mental impairment of affective disorder" is "not severe."  Tr. 686.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 689.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasionally stoop, kneel, crouch, crawl, and climb ramps/stairs; no climbing ladders/ropes/scaffolds; frequent exposure to extreme heat, cold, and humidity; occasional exposure to vibrations; frequent exposure to pulmonary irritants, including fumes, odors, dust, and gas; occasional exposure to hazardous conditions, including unprotected heights and moving machinery.

Tr. 693.  The ALJ determined that Plaintiff was unable to perform past relevant work as a food deliverer, cook/helper, security guard/gate guard, shuttle driver, and park maintenance worker/grounds caretaker but could perform other jobs that existed in significant numbers in the national economy.  Tr. 701–02.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 703.

*Roger B. v. Kijakazi*
Civil No. 21-2888-BAH
November 3, 2022
Page 3

### III. LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.""). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises two arguments on appeal, specifically that the ALJ erroneously: (1) failed to comply with the Court's remand order and (2) failed to account for Plaintiff's exertional limitations regarding prolonged sitting and standing in the RFC. ECF 11-1, at 10–19. Defendant counters that the ALJ properly issued a de novo decision and that the ALJ's RFC determination was supported by substantial evidence. ECF 12-1, at 5–10.

Plaintiff first argues that the ALJ failed to abide by this Court's September 2020 remand order. ECF 11-1, at 10–12. Generally, "[d]eviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989); *see also Myers v. Colvin*, No. 4:14CV32, 2015 WL 3830972, at *16 (E.D. Va. June 18, 2015) ("The ALJ is not free to disregard the district court's order, which may 'include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed.'" (quoting *Sullivan*, 490 U.S. at 885)). In the Fourth Circuit, the law-of-the-case doctrine and the mandate rule "prevent an ALJ from reconsidering an issue [on which] a district court 'expressly held.'"[3] *Myers*, 2015 WL

---

[3] These rules likely also foreclose "an ALJ's reexamination of an issue 'necessarily implicated' in a district court's decision." *Myers*, 2015 WL 3830972, at *16. The "'mandate rule' is merely a 'specific application of the law of the case doctrine,' [so] in the absence of exceptional circumstances, it compels compliance on remand with the dictates of a superior court and

3830972, at *16 (quoting *Hooper v. Heckler*, 752 F.2d 83, 87–88 (4th Cir. 1985)). Such legal error "is particularly egregious in a case . . . where all of the relevant medical evidence is many years old, so no changes to the medical evidence could explain" new findings of the ALJ. *Leona A. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-2279, 2019 WL 3220699, at *2 (D. Md. July 17, 2019). "The ALJ 'may however, decide anything not foreclosed by the mandate.'" *Rani E. v. Saul*, No. No. TMD 18-2171, 2019 WL 4536457, at *5 (D. Md. Sept. 19, 2019) (internal quotation marks omitted) (quoting *Stacy v. Colvin*, 825 F.3d 563, 568 (9th Cir. 2016)). The Fourth Circuit has also held that when an ALJ's new findings in a post-remand decision are "based, in part, on new evidence," the ALJ does "not run afoul of the mandate set forth by the district court." *Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 98 (4th Cir. 2015). "Thus, as long as an issue was not finally decided in the District Courts, the ALJ can exceed the scope of a remand order and reconsider any evidence deemed appropriate in reaching a decision regarding a claim." *Beatty v. Comm'r of Soc. Sec.*, No. 14-11550, 2015 WL 5693663, at *3 (E.D. Mich. Sept. 29, 2015).

Here, this Court remanded the case for the specific purpose that "the ALJ should clarify the RFC assessment and the hypothetical to the [vocational expert ("VE")], specifically the term 'fixed production rate pace,' so that it can be determined whether the VE's testimony constitutes substantial evidence supporting the ALJ's conclusion," but adopted no specific findings by the ALJ. Tr. 821 (*Roger B.*, No. BPG-19-2409, at *3). On remand, the AC vacated the ALJ's prior decision pursuant to HALLEX I-2-8-18[4] and instructed the ALJ to consolidate the case with Plaintiff's new Title II claim he had filed on October 1, 2019. Tr. 840. Subsequently, the ALJ determined that "the claimant's affective disorder is no longer a severe impairment . . . , and therefore a limitation of 'fixed production rate pace' is not supported." Tr. 682.

Plaintiff contends that this "fail[ure] to remain within the scope of the remand order" is reversible legal error. ECF 11-1, at 13. Though Plaintiff is correct that ALJs are generally limited by the scope of a remand order when the remanding court gives specific instructions and the record before the ALJ is the same as before, the ALJ here was specifically directed by the AC to consolidate the remanded claims with a new claim, and the ALJ therefore considered hundreds of pages of new evidence as well as additional testimony from the Plaintiff and vocational expert. Tr. 712–64, 958–1018, 1033–1651. The ALJ then determined that Plaintiff's affective disorder

---

forecloses issues expressly *or impliedly* decided by the appellate court." *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (emphasis added) (quoting *United States v. Bell*, 988 F.2d 247, 251 (1st Cir. 1993)); *see also Magnum v. Hallembaek*, 910 F.3d 770, 776 n.3 (4th Cir. 2018) (collecting cases "of [the Fourth Circuit's] sister circuits [which] have likewise concluded that the mandate rule applies to administrative agencies").

[4] "The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues. HALLEX I–2–8–18, Administrative Law Judge Decisions in Court Remand Cases." *Tanner*, 602 F. App'x at 98 n.*.

was no longer severe, relying on this new evidence in conjunction with the evidence already in the record from the previous decision and thoroughly explaining how that evidence led to this conclusion. Tr. 686–88 (citing Tr. 267–69, 280–92, 356–62 (previous evidence) and Tr. 963–65, 989–97, and hearing testimony (new evidence)). Plaintiff does not challenge the ALJ's finding that Plaintiff's affective disorder, the basis for the "no fixed production rate pace" limitation in the 2018 decision, is a non-severe impairment, despite the ALJ having found it severe in 2018. This Court made adopted no findings, so the law-of-the-case doctrine is inapplicable on this point. The ALJ's de novo determination was therefore proper on the facts here because the remanded case was consolidated with the new claim, new evidence was introduced, and the ALJ relied on that new evidence in the decision.

Second, Plaintiff argues that the RFC is not supported by substantial evidence because it did not include a sit/stand limitation despite the ALJ's acknowledgement "that Plaintiff's pain was exacerbated by 'prolonged sitting [and] standing', for which he sought treatment with a pain management specialist." ECF 11-1, at 16 (citing Tr. 694–95). Plaintiff points out a discrepancy in how the ALJ treated a 2015 decision (issued by a different ALJ) in the 2018 decision versus in the 2021 decision on review here. ECF 11-1, at 16–19. The 2015 decision concluded that Plaintiff had the RFC "to perform light work" except Plaintiff can "sit about 6 hours, and stand/walk about 4 hours in an 8-hour workday." Tr. 83. But, as here, the ALJ in 2015 ultimately concluded that Plaintiff was not disabled. Tr. 92. In the 2018, the ALJ expressly relied on the 2015 decision, affording it "great weight," and concluding that Plaintiff had the RFC to "perform light work . . . except the total standing and/or walking in an 8-hour workday is four hours," and that Plaintiff needed "a sit/stand option where [Plaintiff] can sit for 30 minutes and stand for 30 minutes and after that duration, [Plaintiff] can alternate if needed." Tr. 28.

In the 2021 decision, the ALJ again considered the 2015 decision, but afforded it only "considerable weight." Tr. 699. The ALJ concluded that Plaintiff "now has newer severe physical impairments of COPD and ischemic heart disease, requiring further relevant environmental limitations." Tr. 699. As noted above, the 2021 RFC does not include exertional limitations related to Plaintiff's ability (or inability) to sit or stand for prolonged periods. Tr. 693. In Plaintiff's estimation, the ALJ erred here by relying on the 2015 decision yet not including such exertional limitations in the RFC as in the 2018 decision. ECF 11-1, at 16–19. Defendant contends that the 2018 decision "has no legal effect and the findings contained therein have no bearing on the *de novo* decision reached by the ALJ in 2021 after considering over 600 pages of additional evidence." ECF 12-1, at 7 (italics in original).

Defendant has the stronger argument. Here, as noted above, because the 2018 decision was consolidated, vacated, and remanded, the ALJ was not bound by the determination or findings therein. *See Monroe v. Colvin*, 826 F.3d 176, 186–87 (4th Cir. 2016) (holding that res judicata did not apply to an ALJ decision that had been vacated and subsequently remanded after review by the AC). Thus, the ALJ properly issued a de novo decision and properly re-evaluated the weight to give the 2015 decision under *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473 (4th Cir. 1999), *Lively v. Sec'y of Health & Human Servs.*, 820 F.2d 1391 (4th Cir. 1987), and AR 00-1(4) (S.S.A. Jan. 12, 2000), 2000 WL 43774. Indeed, Plaintiff does not challenge the ALJ's application

of these rules in determining what weight to afford the 2015 decision, only that the application did not lead to the same outcome as in the 2018 decision.

Plaintiff's argument that the RFC here must be insufficient because it "clearly is not" supported by the 2015 decision is not persuasive. ECF 11-1, at 19. Though, as Plaintiff explains, the 2021 ALJ decision concludes that Plaintiff is "now more limited than in the September 2015 decision," (ECF 11-1, at 18), Plaintiff has missed the fact that the ALJ determined Plaintiff's new limitations to be environmental, not exertional. Tr. 699 (explaining that Plaintiff now "require[es] further relevant *environmental* limitations" due to Plaintiff's COPD and ischemic heart disease (emphasis added)). The ALJ also did not rely exclusively on the 2015 ALJ decision in formulating the RFC. Tr. 701 (finding that the RFC "is supported by the objective medical of record, and the opinions of ALJ Mates [in 2015], and the DDS disability physicians and psychological consultants"). For these reasons, the ALJ here was not constrained to formulate the same RFC with all the same limitations as the ALJ did in 2015 or 2018.

Plaintiff alleges that the ALJ erred in failing to include the in the RFC "any of the exertional limitations with prolonged sitting and standing that [the ALJ] deemed credible." ECF 11-1, at 19 (citing Tr. 693). Plaintiff correctly notes that the ALJ did acknowledge Plaintiff's difficulties in this area throughout the decision. Tr. 687 (noting that Plaintiff testified that Plaintiff "could not sit or stand for long periods, or walk far"), 694–95 (noting that Plaintiff's pain was "exacerbated by . . . sitting [and] standing" and that he saw a "pain management specialist"). However, the ALJ expressly noted that Plaintiff "has made inconsistent statements or statements contradicted by other evidence of record," thereby "undermin[ing] the persuasiveness of [Plaintiff's] allegations." Tr. 697. The ALJ cited to specific evidence in the record to support the adverse credibility determination.[5] Tr. 697.

Plaintiff further argues in his reply that the ALJ "materially erred by not conducting a proper function-by-function analysis." ECF 13, at 2. Even if the Court did find error in the formulation of the RFC because of a lack of function-by-function analysis, remand would not necessarily follow. The Fourth Circuit has held that a *per se* rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Mascio*, 780 F.3d at 636 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Remand is only required "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d

---

[5] Contrary to Plaintiff's assertion in his reply, the ALJ did not only make this adverse credibility determination regarding Plaintiff's subjective complaints. ECF 13, at 3 (citing ECF 12-1, at 7; Tr. 694). The ALJ noted inconsistencies between Plaintiff's testimony and objective medical evidence throughout the RFC analysis, including Plaintiff's representation that he had worked intermittently between 2017 and 2019 "as a park ranger doing grounds maintenance" and "as a pizza delivery driver and cook." Tr. 697–98.

at 177). Plaintiff has failed to articulate how the RFC may have changed had the ALJ performed, as Plaintiff alleges the ALJ should have, a more detailed function-by-function RFC analysis. Here, the VE testified that adding a sit/stand option every 30 minutes to the RFC would still not render Plaintiff disabled because Plaintiff could still perform jobs in significant numbers in the national economy, such as a price marker, inspector and hand packager, or small parts assembler.[6] Tr. 757–58. Thus, it is unclear how the ALJ's alleged errors changed the outcome here.

Accordingly, any failure by the ALJ to perform a function-by-function analysis, where, as here, there is no evidence that more robust analysis would lead to a different result, constitutes harmless error. *Mascio*, 780 F.3d at 636; *see also Turner v. Colvin*, No. 1:13CV00761, 2015 WL 502082, at *11 (M.D.N.C. Feb. 5, 2015), report and recommendation adopted, No. 1:13CV761, 2015 WL 12564210 (M.D.N.C. Mar. 6, 2015) ("Plaintiff has not made any attempt to show how a more complete analysis would have resulted in a more restrictive RFC or a different outcome in the case and, thus, such harmless error does not warrant remand."). Plaintiff has not identified how his conditions limited the RFC to a greater extent than the ALJ found, thus I am constrained to find any alleged error was harmless. *See Brown v. Astrue*, No. JKS–09–1792, 2011 WL 129006, at *2 (D. Md. Jan. 14, 2011) ("Having identified no evidence to suggest that his obesity caused greater limitations than the ALJ assigned, [Plaintiff] has shown no basis for remand.").

My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Governed by that standard, I find that the ALJ's decision is supported by substantial evidence and that remand is unwarranted. Stated differently, after reviewing the opinion, I am not "left to guess about how the ALJ arrived at [their] conclusions on [Plaintiff's] ability to perform relevant functions," so remand is not necessary. *Mascio*, 780 F.3d at 637.

## V.     **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion for summary judgment and alternative motion for remand, ECF 11, is DENIED and Defendant's motion for summary judgment, ECF 12, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

---

[6] The ALJ noted that both a limitation for Plaintiff to elevate the legs for two-hours during the workday at the light work level and a 30-minute sit/stand option at the sedentary level would indeed preclude all work. Tr. 702. However, the ALJ did not find support for either of these limitations, and Plaintiff does not argue that Plaintiff specifically needed either of these limitations. Tr. 693–701; ECF 11-1; ECF 13.

*Roger B. v. Kijakazi*
Civil No. 21-2888-BAH
November 3, 2022
Page 8

                        Sincerely,

                            /s/

                        Brendan A. Hurson
                        United States Magistrate Judge